# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## Fresno Division

| | |
|---|---|
| JACKIE ROBINSON,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MIRIAM JOYA; MARIA ZAVALA;<br>OFELIA CORONA; JERRY DUVALL;<br>COALINGA STATE HOSPITAL;<br>CALIFORNIA DEPARTMENT OF<br>MENTAL HEALTH,<br><br>　　　　　　　　　Defendants. | Civil No.　1:08cv01339 JLS (BLM)<br><br>**ORDER SETTING BRIEFING<br>SCHEDULE RE DEFENDANTS'<br>MOTION TO DISMISS<br>AND SUBMITTING MATTER<br>FOR DETERMINATION<br>WITHOUT ORAL<br>ARGUMENT** |

　　　　Plaintiff, civilly committed to Coalinga State Hospital ("CSP") as a Sexually Violent Predator ("SVP"), filed this civil rights action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at CSP.[1]  He has been granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

　　　　On January 26, 2009, the Court sua sponte dismissed *all* claims in Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), but granted Plaintiff leave to amend them. *See* Jan. 26, 2009 Order [Doc. No. 9] at 5; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

---

[1] The case was re-assigned from Chief Judge Anthony W. Ishii's calendar to this Court on November 27, 2008 [Doc. No. 7].

On March 5, 2009, Plaintiff filed a Second Amended Complaint ("SAC") [Doc. No. 10]. On March 23, 2009, the Court screened Plaintiff's SAC, noted specifically that "the First Amendment allegations" were sufficient to survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2), and directed the U.S. Marshal to effect service of process on all Defendants. *See* March 5, 2009 Order at 3. In his SAC however, Plaintiff also alleges Fourth and Fourteenth Amendment privacy, due process and equal protection claims which, while not specifically mentioned in its March 5, 2009 Order, were *not* sua sponte dismissed by this Court pursuant to 28 U.S.C. § 1915(e)(2). *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Teahan v. Wilhelm,* 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (concluding that the "sua sponte screening and dismissal procedure [required by 28 U.S.C. § 1915(e)(2) and § 1915A] is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring."); *see also Harris v. Ford*, 32 F. Supp. 2d 1109, 1111 (D. Alaska 1999) (noting that while the Court has a sua sponte "duty" under § 1915(e) and § 1915A, it "is under no obligation to do a detailed screening in writing for defendants.").

On July 6, 2009, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to FED.R.CIV.P. 8 and 12 [Doc. No. 18]. In their Motion, Defendants move to dismiss only the First Amendment allegations in Plaintiff's SAC, assuming that because the Court's March 5, 2009 Order stated only that Plaintiff's First Amendment allegations survived screening, only his First Amendment claims are "actionable." *See* Defs.' Mot. to Dismiss at 7-8 & n.2. Defendants ask that if they have misinterpreted the Court's Order, "and there are additional factual or legal claims before the Court," they be given an opportunity to further brief those claims. *Id.*

The Court will now provide Defendants that opportunity. Plaintiff's SAC raises more than First Amendment claims–and none of the claims raised therein against any Defendant were sua sponte dismissed in the Court's screening Order. Thus, *all* allegations made by Plaintiff against Defendants in the SAC remain pending before this Court, and to the extent Defendants wish to challenge the sufficiency of these additional claims, they are hereby provided the chance

to do so. *See Teahan*, 481 F. Supp. 2d at 1119 ("[A] defendant's right to bring a motion to dismiss is not foreclosed by the issuance of a sua sponte screening.").

**Conclusion and Order**

Accordingly, the Court sets the following briefing schedule:

1) Defendants, if they choose, may file a Supplemental Motion to Dismiss, and serve it upon Plaintiff, no later than **Monday, August 24, 2009.**

2) Plaintiff, if he chooses, may file an Opposition to both Defendants' original Motion [Doc. No. 18], as well as any supplemental Motion which may be filed by Defendants, and serve it upon Defendants' counsel of record no later than **Monday, September 21, 2009.**

3) Defendants may file a Reply to Plaintiff's Opposition, and serve it upon Plaintiff no later than **Monday, October 5, 2009.**

At that time, the Court will consider that matter fully briefed and will thereafter issue its written Order in due course and without hearing or oral argument.

**IT IS SO ORDERED.**

DATED: July 9, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge