# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| JACKIE ROBINSON,<br><br>                      Plaintiff,<br><br>vs.<br><br><br><br>MIRIAM JOYA, et al.,<br><br><br><br>                      Defendants. | Civil No.   08-1339 JLS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [Doc. No. 34];**<br><br>**GRANTING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND STAYING CIVIL MATTER PENDING CONSOLIDATION DETERMINATION IN RELATED CIVIL CASE No. 1:06-CV-01801-BLW-LMB PURSUANT TO E.D. CAL. CIVLR 83-123(c) [Doc. Nos. 34, 37];**<br><br>**AND**<br><br>**DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME AS MOOT [Doc. No. 41]** |

    In this civil action, filed pursuant to 42 U.S.C. § 1983, Jackie Robinson ("Plaintiff"), a Sexually Violent Predator ("SVP") currently detained at Coalinga State Hospital ("CSH") in

Coalinga, California, has filed a Motion for Leave to File a Third Amended Complaint [Doc. No. 34], as well as a Motion for Preliminary Injunction [Doc. No. 36].

On March 8, 2010, the Court granted both a Motion and Supplemental Motion to Dismiss Plaintiff's Second Amended Complaint brought on behalf of Defendants Joya, Zavala, Duvall, CSH and the California Department of Mental Health ("DMH") pursuant to FED.R.CIV.P. 12(b)(6). *See* March 8, 2010 Order [Doc. No. 32]. Plaintiff was granted leave to amend "only as to [his] Equal Protection claim against Defendants CSH and DMH regarding the computer moratorium" he alleged was enacted at CSH in or about March 2007. *Id.* at 17-19, 21. All Plaintiff's other allegations, including First, Fourth and Fourteenth Amendment claims involving the CSH computer moratorium as well as claims of interference with mail, conspiracy, and violations of state law, were dismissed without further leave to amend. (*Id.* at 10-17, 21.)

Plaintiff now seeks leave to file, and has lodged, a proposed Third Amended Complaint ("TAC") [Doc. Nos. 33-35] which re-alleges his equal protection computer moratorium claims against CSH and DMH, but also includes individual Defendants who were previously dismissed: Joya, Zavala, Corona and Duvall. *See* TAC [Doc. No. 35] at 1, 3-4.

In addition, Plaintiff seeks to add a new defendant, Pam Ahlin, CSH's Executive Director, to the equal protection computer moratorium claims which were dismissed with leave to amend, and to allege new "due process," and "fair treatment" claim against Defendants CSH and DMH arising under the Fifth Amendment's Takings Clause. (*Id.* at 2, 7.)

Finally, Plaintiff seeks to add substantive due process and "punitive conditions of confinement" claims against two additional defendants, R.J. Donovan State Prison ("RJD") and T. Rabban Miller, an Associate Warden at RJD, arising at RJD in December 2009 while he was temporarily housed there for purposes of appearing at trial in another civil action. (TAC at 9-10.)

In addition, Plaintiff has filed another Motion for Preliminary Injunction [Doc. No. 36] which seeks to enjoin CSH and DMH from "enforcing the moratorium on computer purchases" at CSH pursuant to FED.R.CIV.P. 65, and a Motion for Judicial Notice [Doc No. 37], in which Plaintiff asks the Court to take notice of "Defendants' Notice of Related Cases & Defendants'

Status Report Regarding Mediation of Computer Claims" in Eastern District of California Consolidated Civil Case No. 1:06-CV-1801-BLW-LMB." [Doc. No. 37].

On April 9, 2010, Defendants filed a Motion for Extension of Time to file Responsive Pleadings and a Request for a Briefing Schedule [Doc. No. 41].[1]  And, on April 26, 2010, Defendants filed an Opposition to Plaintiff's Motion for Leave to File his Third Amended Complaint [Doc. No. 43].

**Plaintiff's Motion for Leave to Amend**

"Courts are free to grant a party leave to amend whenever 'justice so requires,' FED.R.CIV.P. 15(a)(2), and requests for leave are generally granted with 'extreme liberality.'" *Moss v. United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (citing *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).  However, liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted).

Here, the Court finds that to the extent Plaintiff's Third Amended Complaint re-names Defendants Joya, Zavala, Corona and Duvall as parties in this matter, his Motion for leave to amend is denied as futile for the reasons set forth at length in the Court's March 8, 2010 Order. *Id.*

To the extent Plaintiff seeks leave to add Pam Ahlin, CSH's Executive Director as a Defendant to the equal protection computer moratorium claims he was granted leave to amend and to allege a separate cause of action against CSH and DMH based on the Fifth Amendment's Takings Clause, his Motion for leave to amend is also DENIED as futile.  *Id.*  Plaintiff's Second Amended Complaint previously alleged Ahlin's involvement in enforcing CSH's computer moratorium even though Ahlin was not formally named as a Defendant at that time.  *See* Second Amend. Compl. at 8-9.  Plaintiff's Third Amended Complaint seeks the same relief against Ahlin, for acts allegedly taken in her official and individual capacities.  (Third Amend. Compl.

---

[1] Defendants also lodged a proposed Order granting their Motion [Doc. No. 42].  The Court declines to issue that Order as unnecessary however, for the reasons set forth herein.

at 2.) However, Plaintiff's Third Amended Complaint alleges only that Ahlin, acting as Executive Director of CSH in October 2008, denied his inmate appeal regarding the computer moratorium because "[t]he Department of Mental Health ha[d] recently established a statewide workgroup to develop an appropriate policy for application in all DMH facilities concerning the use of personal computers." (TAC at 5.) Thus, to the extent Plaintiff seeks *injunctive relief* against Ahlin in her official capacity, leave to add her as a separate Defendant is denied as moot in that the prospective relief sought, should Plaintiff prove he is entitled to it, would be identical to that which he seeks against CSH and DMH. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (noting that official capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Moreover any *damages* Plaintiff seeks against Ahlin for acts taken in her official capacity as Acting Director of CSH are precluded by the Eleventh Amendment, for the same reasons damages against the CSH and DMH are. *See* March 8, 2010 Order at 19 n. 4 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989); *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir. 1989)).

Plaintiff's Motion for Leave to Amend to add Ahlin as a Defendant is further denied as moot because as currently pleaded, his Third Amended Complaint fails to include the sufficient "non-conclusory 'factual content'" required to draw a reasonable inference that Ahlin is liable in her individual capacity for violating Plaintiff's right to equal protection. *See Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009)); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

In addition, Plaintiff's Motion for Leave to Amend in order to add a Takings Clause claim against CSH and DMH based on the computer moratorium is also denied as futile insofar as his Third Amended Complaint fails to allege facts sufficient to support such a claim. *See Lopez*, 203 F.3d at 1129-31 (court need not grant leave to amend if amendment would be futile); *accord Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996). Specifically, Plaintiff

1 alleges he enjoys a "property interest in retaining [his] electronic devices" because he is a civil 2 detainee whose rights are more expansive than his criminal counterparts, and that CSH and 3 DMH's computer moratorium denies him that interest. (TAC at 7). On the other hand, Plaintiff 4 also claims he "would like to purchase [his] own computer," but that he cannot due to the 5 moratorium. (*Id.* at 5.)  Thus, it is not clear from Plaintiff's pleading whether he has had a 6 personal computer confiscated, or simply wishes to purchase one but is prohibited from doing 7 so as a result of the moratorium.

8 Either way, his allegations are insufficient to support a Takings Clause claim.  The Fifth 9 Amendment declares that "private property [shall not] be taken for public use, without just 10 compensation." U.S. CONST. AMEND. V; *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 11 U.S. 155, 160 (1980).  That prohibition applies to the States through the Fourteenth Amendment. 12 *Id.*; *see also Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993).   In order to state a claim under 13 the Takings Clause, however, a plaintiff must first demonstrate that he possesses a "property 14 interest" that is constitutionally protected.  *See Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 15 1000-01 (1984). "Only if he does indeed possess such an interest will a reviewing court proceed 16 to determine whether the expropriation of that interest constitutes a 'taking' within the meaning 17 of the Fifth Amendment." *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1198 18 (9th Cir. 1998).

19 No court has found that *prisoners* have a constitutional right to possess personal 20 computers, or items that are similar to personal computers, in their cells.  *See Endsley v. Luna*, 21 2008 WL 3890382 at *3 (C.D. Cal. May 23, 2008) (unpub.) (citing *Sands v. Lewis*, 886 F.2d 22 1166, 1172 (9th Cir.1989) (prisoners do not have a constitutional right to have memory 23 typewriters in cells), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 350-55 24 (1996); *Taylor v. Coughlin*, 29 F.3d 39, 40 (2nd Cir. 1994) ("If prison inmates do not enjoy a 25 constitutional right to typewriters as implements of access to the courts, it would be illogical for 26 us to rule that there is a constitutional right to typewriters of a specific memory capacity."); *State* 27 *ex rel. Anstey v. Davis*, 203 W.Va. 538, 545, 509 S.E.2d 579 (1998) ("We are persuaded by the 28 uniformity of opinion on this issue and therefore hold that prison inmates have no constitutional

right to possess personal computers in their cells.")).  More recent cases involving civil committees, pretrial detainees and SVPs have concluded the same–despite application of the heightened 14th Amendment protection required for those not currently serving criminal sentences.  *See Endsley v. Luna*, 2009 WL 3806266 (C.D. Cal. Nov. 12, 2009) (unpub.) at *16 (citing *Fogle v. Blake*, 227 Fed. Appx. 542, 542 (8th Cir. 2007) (finding civil committee failed to state a constitutional claim regarding denial of a computer or typewriter); *Spicer v. Richards*, 2008 WL 3540182 at *7 (W.D. Wash. Aug. 11, 2008) (unpub.) (finding no authority to show that SVP had a 14th Amendment right to possess a "cell phone, pager, computer, [or] color ink cartridge printer."); *Carmony v. County of Sacramento*, 2008 WL 435343 at *18 (E.D. Cal. Feb. 14, 2008) (finding civil detainee had no "free-standing First Amendment right to access computers and/or the internet."); *White v. Monahan*, 2009 WL 499121 at *2 (C.D. Ill. Feb 24, 2009) (acknowledging that while civil detainees enjoy more liberties than convicted prisoners, "[t]he inability to possess a computer does not implicate a property interest that might be protected by procedural due process protections or an interest that might be classified as a substantive due process interest." ).

Thus, even assuming Plaintiff *had* a computer which was confiscated as a result of the moratorium, he has failed to demonstrate that he has a constitutionally protected interest in possessing one; therefore, neither a procedural due process or Takings Clause claim can be stated.  *See Hewitt*, 794 F.2d at 1380.  As such, Plaintiff's Motion for leave to amend to include a Takings Clause claim against Defendants CSH and DMH is DENIED.

Finally, Plaintiff seeks leave to amend in order to add "Fourteenth Amendment substantive due process, punitive conditions of confinement" claims against two wholly new Defendants:  T. Rabban Miller, an Associate Warden at RJD, and RJD itself.   (TAC at 9-10.) Plaintiff alleges that on December 11, 2009, he was transported to RJD to attend a civil trial, and during his stay was placed in a cell in Ad-Seg, subject to "freezing cold" air, and denied a proper meal and medication. (TAC at 9.)  Plaintiff further alleges he was exposed to a "cloud of gaseous pepper spray" when a disruptive inmate in a nearby cell was forcibly extracted. (*Id.* at 10.)

In short, these claims are more properly categorized as supplemental pursuant to FED.R.CIV.P. 15(d). "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED.R.CIV.P. 15(d). The Rule "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. County School Board,* 377 U.S. 218, 226-27 (1964). However, permitting or denying leave to file a supplemental pleading or claim is left to the sound discretion of the court. *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988).

Here, Plaintiff seeks leave to add these supplemental claims and Defendants in order to "promote judicial efficiency and economy, by not requiring [him to have to file another new complaint." (Pl.'s Mem. of P&A's in Supp. of Mot. for Leave to Amend [Doc. No. 34]). However, Plaintiff's claims against RJD and its Associate Warden arose more than a year after this suit was commenced in a separate facility and are wholly unrelated to the equal protection moratorium claims against CSH and DMH he was previously granted leave to amend. *See Keith*, 858 F.2d at 474 (noting that pursuant to FED.R.CIV.P. 15(d) "some relationship must exist between the newly alleged matters and the subject of the original action.").[2]

For all these reasons, Plaintiff's Motion for Leave to Amend is GRANTED only as to his claims for injunctive relief against Defendants CSH and DMH based on alleged violations of his right to equal protection in relation to the computer moratorium. Plaintiff's Motion for Leave to Amend as to all other claims as alleged in his Third Amended Complaint against all

/ / /

---

[2] Moreover, to the extent Plaintiff's seeks leave to add a supplemental claim against RJD, his amendment is futile, for state prisons are not "persons" subject to suit under § 1983. *See Will*, 491 U.S. at 62, 70; *see also Hale v. State of Arizona*, 993 F.2d 1387, 1388 (9th Cir. 1993) (holding that the Arizona Department of Corrections is not a "person" within the meaning of 42 U.S.C. § 1983). As an "arm" of the state of California, RJD is shielded from liability under the Eleventh Amendment. *Will*, 491 U.S. at 70; *see also Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). "[I]n the absence of consent a suit in which the State or one of its agencies or department is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).

1  other previously named and newly added parties is DENIED as futile and those allegations are
2  hereby DISMISSED without leave to amend.  *See Thornton*, 261 F.3d at 799.

3  **Screening of Plaintiff's Third Amended Complaint**

4  Having denied Plaintiff leave to amend as to all other claims, the Court now turns to the
5  computer moratorium allegations Plaintiff *was* permitted to amend on March 8, 2010, in order
6  to determine whether those claims as re-alleged in his Third Amended Complaint state an equal
7  protection claim against Defendants CSH and DMH, or rather, whether they must be dismissed
8  sua sponte pursuant to 28 U.S.C. § 1915(e)(2).  *See Lopez*, 203 F.3d at 1126-27.

9  In its March 8, 2010 Order, the Court granted Defendant CSH and DMH's Motion to
10 Dismiss Plaintiff's computer moratorium claims because while Plaintiff had alleged he was
11 subject to disparate treatment (*i.e.*, he was one of 200 out of 900 SVP housed at CSH who were
12 *not* permitted to possess or purchases personal computers as a result of the moratorium), his
13 Second Amended Complaint nevertheless failed to allege that "Defendants acted with an intent
14 or purpose to discriminate against him" either based on his membership in a protected class *or*
15 "that no rational basis existed for such disparate treatment."  *See* March 8, 2010 Order at 18
16 (citing *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003); *Thornton*
17 *v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005)).

18 In his Third Amended Complaint however, Plaintiff now alleges not only that he is a
19 member of a protected class, but also that the computer moratorium is being selectively enforced
20 against him and other SVPs who "do not participate in sex offender treatment" as a "pretext at
21 punishing them."  (TAC at 6.)  Plaintiff further alleges that "there is no rational basis for this
22 disparate and punitive treatment."  (*Id.*)  Thus, to the extent Plaintiff seeks injunctive relief
23 related to the computer moratorium, the Court finds these allegations against CSH and DMH in
24 Plaintiff's Third Amended Complaint sufficient to state an equal protection claim under the
25 Fourteenth Amendment.  *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27.

26 **Plaintiff's Motion for Judicial Notice**

27 Finally, Plaintiff has also filed a Motion/Request for Judicial Notice [Doc. No. 37].  In
28 this Motion, Plaintiff asks the Court to note that on March 17, 2001, counsel for Defendants

CSH and DMH in this matter filed both a Notice of Related Case as well as a Status Report Regarding Medication of Computer Claims in a consolidated civil action entitled *Allen v. Mayberg, et al.,* Eastern District of California Civil Case No. 1:06-CV-01801-BLW-LMB (hereafter "*Allen*").

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

On March 16, 2009, Chief Judge Winmill entered an Order in the *Allen* case consolidating eleven civil actions filed by persons, like Plaintiff, in custody of the California DMH and housed at CSH pursuant to California' Sexually Violent Predator ("SVP") Act, CAL. WELF. & INST. CODE § 6600, and challenging various conditions of their confinement. *See Allen* Order Consolidating Cases [Doc. No. 24]. In his Order, Judge Winmill further provided Defendants "with the opportunity to identify and move the Court to consolidate any substantially similar claims," not already brought to the Court's attention and consolidated. *Id.* at 6-7.

Pursuant to that Order, on March 17, 2010, counsel for Defendants in *this* case filed a Notice of Related Case pursuant to Local Rule 123[3] in the consolidated *Allen* matter which includes Plaintiff's case as one of seven additional related matters, all involving claims for injunctive relief filed by SVPs related to the DMH and CSH's moratorium on computer purchases, as one sufficiently related and appropriate for consolidation. *See Allen*, Defs.' Notice

---

[3] Eastern District of California Local Civil Rule 123(b) requires "counsel who has reason to believe that an action on file ... may be related to another action on file ... shall promptly file in each action and serve on the parties in each action a Notice of Related Cases." Subsection (c) further provides:

> Following the filing of a Notice of Related Cases, the Chief Judge or a Judge designated by the Chief Judge may, by special order, reassign either action to any Judge or Magistrate Judge sitting in the Eastern District of California as the situation may dictate. If the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

E.D. CAL. CIV.LR 123(c).

of Related Cases [Doc. No. 43].[4]  According to PACER, Judge Winmill has yet to decide whether the cases identified in counsel's March 17, 2010 Notice of Related Cases, *including this one*, are subject to consolidation with *Allen*.

Thus, this Court finds it appropriate to STAY this civil matter, which now involves only injunctive relief claims against CSH and DMH related to the computer moratorium as alleged in Plaintiff's Third Amended Complaint, including Plaintiff separate renewed Motion for Preliminary Injunction [Doc. No. 36] related to that moratorium, until Chief Judge Winmill has an opportunity to review and enter an Order regarding counsel's Notice of Related case and request for consolidation with *Allen v. Mayberg, et al.,* Eastern District of California Civil Case NO. 1:06-CV-01801-BLW-LMB.

In light of this Order and Stay, Defendants' Motion for a Briefing Schedule and Extension of Time to File Responsive Pleadings [Doc. No. 41] is DENIED as moot.  Counsel for Defendants are further DIRECTED to keep this Court apprised of Judge Winmill's decision regarding consolidation.  Specifically, in the event Judge Winmill decides this case is *not* subject to consolidation with *Allen*, counsel for Defendants CSH and DMH shall, within 10 calendar days of that decision, file a Motion to Lift the Stay in this matter.[5]

**IT IS SO ORDERED**.

DATED: April 28, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[4] On July 7, 2009 and September 15, 2009 respectively, counsel for Defendants also filed Notices of Related Case in *this* case [Doc. Nos. 20, 29].  In the first, counsel acknowledged that *Robinson* was arguably related to the *Allen* case, but did seek consolidation at that time.  In the second, counsel again notified the Court that *Robinson* "may be related" to another series of cases subject to consolidation with *Allen* (the *Gonzalez* cases, Eastern District of California Civil Case No. 1:07-cv-00427-AWI-YNP), but again did not move for consolidation.  However, on March 17, 2010, counsel for Defendants filed a Notice of Related Case in *Allen*, which *does* identify this case, *Robinson v. Joya, et al.*, E.D. Cal. Civil Case No. 1:08-cv-1339-JLS (BLM) as related and *does* seeks its consolidation. *See* Defs.' Notice of Related Cases [Local Rule 123] filed on March 17, 2010 in *Allen v. Mayberg, et al.*, E.D. Cal. Lead Consolidated Civil Case No. 1:06-cv-01801-BLW-LMB at 5 ¶ 7 [Doc. No. 43].

[5] In the event the Court lifts the stay, counsel for Defendants shall be prepared, within 15 days of the Court's Order Lifting the Stay, to file an Answer to Plaintiff's Third Amended Complaint, which the Court has already found sufficient to state an equal protection claim for injunctive relief against CSH and DMH, as well as any Opposition they may have to Plaintiff's Motion for Preliminary Injunction [Doc. No. 36].